## Coleman *vs* Dallam, &c.

ERROR TO THE FAYETTE CIRCUIT.

*Rents.    Femes covert.*

JUDGE BRECK delivered the opinion of the Court.

IN 1818, Samuel Meredith being the proprietor of a large tract of land in the county of Fayette, conveyed a portion thereof, by specific boundary, supposed to contain two hundred acres, but be the same more or less, to John Pope, in trust for Eliza B. Coleman, the daughter of the grantor, and her children.   In 1823, Meredith conveyed another portion of said tract to his daughter, Letitia Dallam and her children, containing three hundred and fifty acres, be the same more or less.

Prior to the first conveyance, the original line between Meredith's land and the land adjoining, belonging to Mason, had, by parol agreement, been changed, so as to throw on Meredith's side of the old line, a triangular piece of his land into Mason's possession, and on Mason's side, about the same quantity into Meredith's possession. Upon this conventional line the fences were made, and each party continued in possession respectively, of the portion received in the exchange, till after the death of Meredith, when McGuire, a subsequent claimant under Mason, not satisfied with the title, disclaimed to hold by the new line, and the fences were moved back upon the old line.

The deed to Pope, we are entirely satisfied, was not intended, and did not, in point of fact, embrace any portion of the land obtained by Meredith in the exchange, or of that obtained by Mason. It is manifest, the line where it ran on Meredith's side of the old line, constituted the boundary to that extent, of that deed.

In 1823, when the deed was made to Mrs. Dallam, McGuire claimed the Mason land, but no objection appears to have been made to the new line.   Her deed calls to run to McGuire's corner, which was an original corner

before the agreed line was made, and still constituted a corner; and thence with McGuire and Smith's lines till it reaches the beginning corner of Mrs. Coleman's land, embraced in the deed to Pope. If the agreed line is followed, which appears at that time to have been the recognized line, Mrs. Dallam's deed will embrace some twelve or thirteen acres on Mason or McGuire's side of the old line, and will leave out about the same quantity on the Meredith side of that line. It is pretty evident, we think, as the fences at the time ran upon the new line, and as the parties were respectively in possession up to that line, that it was supposed to be the boundary of Mrs. Dallam's tract. But as the call in her deed was to run from McGuire's corner with his and Smith's lines, without calling for particular objects or abuttals, she had undoubtedly a right, and was bound to be governed by McGuire's line, wherever it might be. If there was no line where the fence then ran, binding upon him, she of course could not confine him to any such line. The old line was alone the line to which either party might confine the other. At any rate, it was clearly so as between McGuire and Meredith, and it was always McGuire's line when he chose to claim it. He has abandoned the new and claims the old line, and we are of opinion Mrs. Dallam's deed should, therefore, be construed as running with the old line. Such a construction is manifestly equitable and just, and perfectly consistent with the obvious intention of the grantor. The tract conveyed to Mrs. Dallam is further described in the deed as the *home tract*, on which the grantor then resided. That tract embraced all the land on the McGuire side of the main tract, which the grantor had not previously conveyed to the use of his daughter Coleman. Upon this construction of the deed, it follows that Mrs. Dallam is entitled to that portion of the land in contest, which had been thrown into the possession of Mason, afterwards held by McGuire, by the contemplated new line. By running with the old line it is embraced by her deed. This view of the case does Mrs. Coleman no injustice, as her deed embraces no part of this strip, and she still holds more land than it was supposed to contain. Nor have any of the heirs of Meredith

any reason to complain, as Mrs. Dallam obtains no more land by running with the old line than with the new. The Court below was, therefore, right in awarding this disputed piece of land to Mrs. Dallam.

A question is presented by the assignment of cross errors as to the liability of Mrs. Coleman for rents, as she had been in the possession and enjoyment of the land thus decreed Mrs. Dallam for several years. The Court declined subjecting her to the payment of rent, and we think correctly. No claim for rents is set up in the complainant's bill. Besides, Mrs. Coleman when she obtained possession, was a *feme covert,* her husband died during the pendency of the suit. Under such circumstances she could not be held responsible for the rents, although possessed of a separate estate.

As to the other branch of the case presented by the cross errors, we are also of opinion there is no error in the decree. The call in the deed of Mrs. Dallam, to run with McGuire and Smith's lines, to the beginning corner of Mrs. Coleman, and thence to Mrs. Dallam's beginning, was obviously a mistake. It is clearly to be inferred that the grantor did not intend to convey to her any land embraced in the deed to Pope. In running from McGuire's corner, therefore, the presumption is conclusive, that Mrs. Dallam's line or lines were not to extend farther with McGuire and Smith's lines than to intersect with the line of Pope or Mrs. Coleman. By running to her beginning corner, and thence to Mrs. Dallams' beginning, the deed of the latter would embrace some thirty acres previously conveyed to the former. The boundary of Mrs. Coleman's tract is rendered certain, by particular objects and marked abuttals. Besides, the two tracts have been held, and the rights of the parties recognized, so far as appears, near twenty years, since the death of Meredith, without any reference to this confliction or interference. The Dallam tract was run out by processioners, and no claim seems to have been set up under her deed, to any part of the land included in the deed of Mrs. Coleman. To run strictly according to the controverted call, would moreover throw the tract of Mrs. Dallam into a very singular and awkward shape, such a shape

COLEMAN
*vs*
DALLAM, &C.

The Court will not decree rents when not asked by the pleadings; nor decree rents against a *feme covert,* for lands of the wife occupied by the husband during coverture, though she owned a separate estate.

as renders the conclusion almost irresistible *that there* was a mistake in the call. Upon this ground alone, therefore, the Court was right in not rendering the estate of Meredith responsible upon the warranty in the deed to Mrs. Dallam, for the interference, or the land embraced in common by both the deeds, by running according to the literal call in the last.

The deed to Mrs. Dallam purports to have been in consideration of love and affection and one dollar. An estate during the life of the grantor and his wife, was reserved, and after their death, it was made subject to a charge of $200 per annum, to be paid to Jane Meredith during her life.

To what extent the estate of the grantor should be held liable upon this deed, had the mistake in the boundary not been apparent, we need not decide.

Upon the question of costs, as regulated by the Court below, we are not inclined to interfere.

Wherefore, the decree is affirmed.

*Pindell* for plaintiff; *Robertson, and Robinson & Johnson* for defendants.